The document below is hereby signed.

Signed: February 2, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GERALD HENNEGHAN, | ) | Case No. 16-00513 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION TO VACATE DISMISSAL ORDER

The hearing on confirmation of the proposed plan filed by the debtor, Gerald Henneghan, and on the chapter 13 trustee's motion to dismiss this case was set for January 13, 2017. Henneghan failed to appear at that hearing, and the court granted the trustee's motion to dismiss the case with prejudice for two years. Henneghan has now moved to vacate that dismissal order.

I

Henneghan was obligated to appear at the hearing on January 13, 2017, to address confirmation of his proposed plan. That failure to appear in proper prosecution of the case itself would

be a potential ground for dismissing this case.[1]  Had Henneghan appeared, he could have responded to the trustee's motion to dismiss, which was set for hearing at the same time.

II

Henneghan's motion to vacate fails to address any of the grounds that the chapter 13 trustee's motion set forth as warranting the dismissal of this case.  In any event, an examination of the court's own records reveals that this is a case that ought not be allowed to remain pending.

Henneghan failed to file his schedules and a *Chapter 13 Calculation of Your Disposable Income* (Official Form 122C-2) in a timely fashion.  On November 9, 2016, without having obtained an extension of time for doing so, Henneghan filed schedules and a *Chapter 13 Calculation of Your Disposable Income*.  Those

---

[1] This case was filed on October 6, 2016.  On October 9, 2016, the Bankruptcy Noticing Center mailed a copy of the notice (Dkt. No. 9) regarding the commencement of the case to Henneghan at his address of record.  That notice indicated that a confirmation hearing was set for December 16, 2016, at 9:30 AM.  On December 13, 2016, the trustee filed and served on Henneghan a notice that, with the consent of Henneghan, the confirmation hearing was being continued to January 13, 2017.  The obvious reason the confirmation hearing was being continued was that the trustee had set her motion to dismiss the case for hearing on January 13, 2017, and it made no sense to address Henneghan's plan if the trustee's motion to dismiss was granted.  Henneghan presumably was aware that the confirmation hearing was being continued.  If he was unaware that the confirmation hearing was being continued, he should have appeared on December 13, 2016, for what had been the scheduled confirmation hearing, and upon inquiry would have learned that the confirmation hearing had been continued to January 13, 2017.

documents demonstrate that the case must remain a dismissed case.

First, the schedules listed no creditors.  In a prior bankruptcy case in this court, Case No. 11-00673, Henneghan similarly failed to include *any* creditors on his schedules, misconduct that the court noted in denying Henneghan's motion seeking to convert that chapter 7 case to chapter 13.  *See Order Denying Motion to Convert Case to Chapter 13 and Denying Motion To Impose Automatic Stay* (June 3, 2012) (Dkt. No. 51 in Case No. 11-00673).  So, when Henneghan filed this case, he was well aware that he was obligated to file accurate schedules listing his creditors, yet he failed to do so.

Second, similarly defective is Henneghan's Schedule A/B, which listed only one asset, his real property at his address of record, and listed no items of personal property he owns.

Third, and most critically, Henneghan's Schedule I and his *Chapter 13 Calculation of Your Disposable Income* (Official Form 122C-2) listed no income for Henneghan.  Without income, a debtor is not eligible to file a chapter 13 case, for 11 U.S.C. § 109(e) provides that "[o]nly an individual with regular income" is eligible for Chapter 13.

Fourth, Henneghan's Schedule J and his *Chapter 13 Calculation of Your Disposable Income* list no expenses.  Without any income and expenses being scheduled, Henneghan has acted in bad faith and abused the bankruptcy system in failing to provide

3

the trustee and creditors with information regarding his ability to carry out a chapter 13 plan in this case and regarding the amount of his net disposable income (an amount that, under 11 U.S.C. § 1325(b)(1), the trustee and creditors could object must be paid under a plan).

Fifth, Henneghan's schedules of creditors, his Schedule I, his Schedule J, and his *Chapter 13 Calculation of Your Disposable Income* are so bereft of information that they amount to a failure to file "(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; . . . [and] (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated" as required by 11 U.S.C. § 521(a)(1)(B).  With exceptions of no relevance here, 11 U.S.C. § 521(i)(1) provides that when a debtor "fails to file **all of the information required under subsection (a)(1)** within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." (Emphasis added.)  This case has been pending since October 6, 2016, a span of more than 100 days, without Henneghan providing the information required by § 521(a)(1)(B) subparagraphs (i), (ii), and (v).  Henneghan's schedules and *Chapter 13 Calculation of Your Disposable Income*, which left the official forms largely blank, failed to provide the information required by the statutory provisions.  The case

4

stood subject to automatic dismissal on day 46 of the case pursuant to 11 U.S.C. § 521(i), and the court has no discretion to decline to dismiss the case at the trustee's request.

III

Henneghan alleges that the trustee "failed to serve any of her filed motions [sic] and purported motions [sic] against Gerald Henneghan" and alleges that the trustee "intentionally mislead [sic] the Court and intentionally did not serve Gerald Henneghan with her motions [sic] on account of the Trustee's conspiracy to file a fraudulent claim against Gerald Henneghan for more than $96,000.00 with the Bank of New York Mellon."[2] However, the motion to dismiss (the only motion the trustee filed in the case) was accompanied by a certificate of mailing, signed by the trustee, reciting that the motion to dismiss was mailed to Henneghan at his address of record. Service by mail is complete upon mailing, and if Henneghan did not receive the motion to dismiss after such a mailing, that would not amount to a failure of the trustee to serve the motion.

If Henneghan is contending that the trustee made no such mailing, it makes no sense that a conspiracy with Bank of New York Mellon to file a fraudulent claim would have prompted the trustee to not serve the motion to dismiss on Henneghan. First, Bank of New York was free to file a claim in the case without the

---

[2] Bank of New York Mellon has not filed a proof of claim.

5

necessity of reaching some agreement with the trustee, so a conspiracy makes no sense.  Second, if a fraudulent claim were to be filed, it would have no impact in the case upon the case being dismissed: it is only in an open case that the filing of a fraudulent claim could potentially benefit Bank of New York Mellon.  Accordingly, the trustee's filing of the motion to dismiss was inconsistent with the existence of a conspiracy regarding the filing of a fraudulent claim.  Third, the trustee's motion to dismiss did not rely on any claim of Bank of New York Mellon as affecting the issue of whether the case should be dismissed.  Finally, Henneghan offers no reason for his belief that the trustee conspired with Bank of New York Mellon to file a fraudulent claim: he suggests no motive for the trustee's engaging in such a conspiracy.

Regardless of this service issue, Henneghan, as noted previously, was required to appear at the confirmation hearing on January 13, 2017.  He has only himself to blame for not appearing at that confirmation hearing, at which the motion to dismiss was heard.

In any event, for the reasons set forth above, this case cannot survive under 11 U.S.C. §§ 109(e) and 521(i)(1).  In that light, the case ought to remain dismissed, and the dismissal will not be vacated.

IV

This is a case in which Henneghan's conduct of record, as discussed above, demonstrates that he has proceeded in bad faith and abused the bankruptcy system.  Moreover, since 1998, Henneghan has filed 16 prior bankruptcy cases.  Thirteen of those ended up being dismissed, including cases dismissed for failure to file required information.  Eight of those dismissals were dismissals with prejudice (one of which was a dismissal with prejudice for 12 months after the court found that Henneghan had abused the bankruptcy process).[3]  Henneghan filed two of the cases when he was barred by orders in prior cases from filing the new cases.  Here are the dismissed bankruptcy cases:

> Case No. 98-02800, a Chapter 13 case filed in this court on 12/21/1998, was dismissed with prejudice on 03/19/1999 (order not available on PACER).
> Case No. 99-01943, a Chapter 13 case filed in this court on 09/22/1999 was dismissed with prejudice on 11/22/1999 (order not available on PACER).
> Case No. 00-01568, a Chapter 13 case filed in this court on 08/22/2000 was dismissed with prejudice on 10/06/2000 (order not available on PACER).
> Case No. 01-00232, a Chapter 11 case filed in this court on 02/08/2001 was dismissed with prejudice on 03/06/2001 (order not available on PACER).
> Case No. 01-14649, a Chapter 13 case filed in the Eastern District of Virginia on 12/06/2001 was dismissed on 07/18/2002 (order not available on PACER).
> Case No. 05-10550, a Chapter 13 case filed in the

---

[3] For the five earliest cases that were dismissed, the orders of dismissal are not available on PACER (the U.S. courts' system for on-line access to court records), and, accordingly, information regarding the basis upon which those five cases were dismissed, and why four of them were dismissed with prejudice, is not readily available.

   Eastern District of Virginia on 02/17/2005 was dismissed on 12/12/2005 with prejudice, pursuant to 11 U.S.C. § 109(g)(2), for 180 days.

   Case No. 05-15853, a Chapter 13 case filed in the Eastern District of Virginia on 11/02/2005 was dismissed on 11/30/2005 with prejudice for 124 days based on Henneghan having filed the case during a period that he was barred from filing a case.

   Case No. 07-12531, a Chapter 13 case filed in the Eastern District of Virginia on 09/14/2007 was dismissed on 09/20/2007 for failure to file a certificate of prepetition credit counseling.

   Case No. 07-12788, a Chapter 13 case filed in the Eastern District of Virginia on 10/01/2007 was dismissed for failure to make plan payments on 06/27/2008.

   Case No. 08-14864, a Chapter 13 case filed in the Eastern District of Virginia on 08/14/2008 was dismissed with prejudice for six months on 09/10/2008 for failure to file appropriate schedules and other papers and for other reasons.

   Case No. 10-10047, a Chapter 13 case filed in the Eastern District of Virginia on 01/05/2010 was dismissed on 07/14/2010 **with prejudice for 12 months** after the court found that the case was "an abuse of the bankruptcy process" in its Order Granting Relief from the Automatic Stay, entered June 2, 2010.

   Case No. 11-00099, a Chapter 7 case filed in this court on 02/09/2011 was dismissed on 02/15/2011 on the basis that the dismissal order in Case No. 10-10047 (Bankr. E.D. Va.) had barred the filing of the new case.[4]

   Case No. 11-00593, a Chapter 7 case filed in this court on 08/08/2011 was dismissed on 08/29/2011 for failure to file a mailing matrix.

As already noted, in yet another case, Case No. 11-00673, which

---

[4] It is noteworthy that Henneghan was not eligible for a discharge in this chapter 7 case filed on February 9, 2011: under 11 U.S.C. § 727(a)(8), his discharge in a chapter 7 bankruptcy case filed on April 17, 2003, in the Eastern District of Virginia, Case No. 03-11853, made him ineligible for a discharge in a chapter 7 case filed within eight years after April 17, 2003. The only readily apparent reason for filing a chapter 7 case when a debtor is not eligible for a discharge is to obtain the benefit of the automatic stay of 11 U.S.C. § 362(a), and filing for that reason would be an abuse of the bankruptcy system.

was *not* dismissed, Henneghan failed, as in this case, to include *any* creditors on his schedules (and that led to the court denying Henneghan's motion to convert that chapter 7 case to chapter 13).

In addition, Henneghan has not contested that, as alleged by the trustee, he failed to appear at the meeting of creditors; failed to make any plan payments; and failed to comply with 11 U.S.C. § 1308(a) by failing to file within the deadlines set by that provision all required tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition commencing the case.  Such misconduct would additionally support a finding of bad faith and an abuse of the bankruptcy system.

Henneghan has failed to articulate in his motion any reason why, in light of the foregoing, any dismissal of the case ought not remain a dismissal of the case with prejudice for two years.  However, because Henneghan contends that the motion to dismiss was not served on him, I will give him 21 days to file a writing showing why the dismissal of the case ought not remain a dismissal with prejudice for two years.  If Henneghan fails to articulate adequate grounds why the dismissal ought not remain a dismissal with prejudice for two years, I will enter an order letting the dismissal remain one with prejudice for two years. If Henneghan files a writing articulating adequate grounds why the dismissal ought not remain a dismissal with prejudice for two

9

years, I will hold a hearing on whether the dismissal of the case should remain a dismissal with prejudice for two years.  If the court holds a hearing, that hearing may include addressing whether the trustee served the motion to dismiss on Henneghan, such as to warrant denying Henneghan's motion to vacate *in toto* based on his failure timely to oppose the motion to dismiss.

V

An order follows.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.