The document below is hereby signed.

Signed: January 21, 2018



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GERALD HENNEGHAN, | ) | Case No. 16-00513 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN

The debtor, Gerald Henneghan, has filed a motion (Dkt. No. 55) titled:

> *Emergency Motion to Vacate the Order of Dismissal and Reopen Bankruptcy Case; for Adversary Proceeding; for Contempt of Automatic Stay Injunction [sic] for Damages; for Sanctions and for Court Ordered Referral to Attorney General Jefferson Beauregard Sessions III for Criminal and Criminal Civil Rights Investigation*

The motion was not properly signed. The debtor was notified of that deficiency shortly afterwards and was instructed by the court to cure the deficiency by December 29, 2017. *See* Dkt. Nos. 56-57. The debtor has not yet cured that deficiency.

Moreover, the motion was not accompanied by a payment of the required fee of $235 for filing a motion to reopen. The reopening fee is not charged when a debtor files a motion to reopen a case based upon an alleged violation of the terms of the

discharge under 11 U.S.C. § 524, but the debtor did not receive a discharge in this case.

Additionally, the debtor's motion seeks relief that the debtor ought not be pursuing in this bankruptcy case.  For example, the motion makes a request for a referral to the Attorney General, the same type of request that I have twice denied in a prior case of the debtor.  *See Memorandum Decision and Order Denying Motions Seeking to Reopen the Case and Other Relief*, Case No. 12-00637, Dkt. No. 42, at 1 n.1 (signed December 6, 2017, and entered December 7, 2017);  *Memorandum Decision and Order Denying Motion Seeking to Reopen Case to Pursue Motion for Civil Contempt Regarding Collection of Allegedly Discharged Electric Bill and Seeking to Pursue Other Relief*, Case No. 12-00637, Dkt. No. 42, at 1-2 (signed December 26, 2017, and entered December 27, 2017).  The motion also seeks to assert claims against Pepco for violation of his "due process rights; . . . civil rights act and section 1983 rights and . . . DC Human Right Act rights" and for "false and fraudulent electrical usage charges."  Dkt. No. 55, at 3.  These claims do not fall within this court's subject matter jurisdiction under 28 U.S.C. § 1334(b): the claims did not arise under the Bankruptcy Code,

did not arise in the bankruptcy case,[1] and are not related to the bankruptcy case.[2]  Any future motion to reopen that seeks to assert frivolous claims of the foregoing nature may subject the debtor to sanctions under Fed. R. Bankr. P. 9011, and may lead to the court denying such motion to reopen without addressing whether any non-frivolous claims appear therein.

In regards to the debtor's request to vacate the dismissal of the above-captioned case, that request is frivolous, as it has not been pursued within a reasonable period of time as required by Fed. R. Civ. P. 60(c)(1).  This is the debtor's seventeenth bankruptcy case since 1998, and on January 12, 2017, this case was dismissed with prejudice for two years as filed in bad faith.  *See* Dkt. No. 38.  The debtor's request to vacate the dismissal of his case is also based on grounds he had a full opportunity to present previously.  *See* Dkt. No. 43 (filed on January 24, 2017 and denied in February 2017).

---

[1]  The claims are not of an administrative character requiring disposition in the bankruptcy case in order for the bankruptcy case to be administered; and the claims are not ones that by their nature could arise only in the context of a bankruptcy case.  Accordingly, those claims do not fall within this court's "arising in" jurisdiction.  *See Capitol Hill Grp. v. DCA Capitol Hill LTAC, LLC (In re Specialty Hosp. of Washington, LLC)*, No. 16-090 (BAH), 2017 WL 5952686, at *5, *8-9 (D.D.C. Nov. 28, 2017); *Va. Hosp. Centerarlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 547-48 (Bankr. D.D.C. 2008).

[2]  The claims would have no impact on the administration of the estate, thus failing the test of *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) for "related to" jurisdiction.

In regards to the debtor's assertion that Pepco violated the automatic stay, Henneghan has already pursued plainly frivolous claims against Pepco in this court. *See, e.g.*, *Memorandum Decision and Order Denying Motion Seeking to Reopen Case to Pursue Motion for Civil Contempt Regarding Collection of Allegedly Discharged Electric Bill and Seeking to Pursue Other Relief*, Case No. 12-00637, Dkt. No. 47, at 3-6 (rejecting a claim by Henneghan that Pepco violated the discharge injunction pursuant to acts undertaken when no discharge injunction was in place). The debtor does not assert that the disconnection of his electricity, which occurred on November 29, 2016, fifty-four days after the commencement of the bankruptcy case, was an act to collect a *prepetition* debt, which he ultimately would need to prove in order to demonstrate a violation of the automatic stay.

For all of these reasons, it is

ORDERED that the debtor's *Emergency Motion to Vacate the Order of Dismissal and Reopen Bankruptcy Case; for Adversary Proceeding; for Contempt of Automatic Stay Injuction [sic] for Damages; for Sanctions and for Court Ordered Referral to Attorney General Jefferson Beauregard Sessions III for Criminal and Criminal Civil Rights Investigation* (Dkt. No. 55) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.